MEMORANDUM *
Plaintiff Dennis King, a nurse previously employed at Defendant Garfield County Public Hospital, filed a complaint under 42 U.S.C. § 1983 after the hospital terminated him following a positive drug test. *698 Plaintiff alleged that his termination violated his procedural due process rights under the Fifth and Fourteenth Amendments. Defendants appeal the district court’s denial of their motion for summary judgment on qualified immunity. Because Defendants were entitled to qualified immunity, we reverse.
“[Procedural due process requirements can rarely be considered clearly established!],] at least in the absence of closely corresponding factual and legal precedent.” Shinault v. Hawks, 782 F.3d 1053, 1059 (9th Cir.2015) (internal quotation marks omitted); see id. at 1060 (holding that the defendant was entitled to qualified immunity when there was an “absence of precedent establishing a state’s obligation to provide a pre-deprivation hearing” to an inmate before the Oregon Department of Corrections withdrew funds from his trust account). Here, no clearly established law put Defendants on notice that Plaintiff was entitled to more process than he received.
Before the termination, Defendants provided Plaintiff with notice that the presence of drugs in his sample could result in termination under hospital policy. Plaintiff had an opportunity to explain the drug test result at a lengthy meeting with three hospital administrators and the medical review officer who interpreted the drug test results. He also had ample opportunity (a period of several weeks) to submit additional documentation explaining the presence of drugs in his sample, following the meeting and before his eventual termination. Indeed, he took advantage of that opportunity. Various arguments that Plaintiff was not provided sufficient process are not persuasive:
• The medical review officer’s decision to change the designation of the drug screen report from negative to positive three weeks after Plaintiffs meeting with the hospital administrators does not demonstrate a lack of due process. To the contrary, the timing of the decision suggests that Defendants and the medical review officer were willing to consider Plaintiffs explanations for his test results.
• The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established law of which a reasonable person would have known. Mullenix v. Luna, [— U.S. -,] 136 S.Ct. 305, 308 [193 L.Ed.2d 255] (2015) (per cu-riam). “This inquiry turns on the objective legal reasonableness of the action.... ” Pearson v. Callahan, 555 U.S. 223, 244 [129 S.Ct. 808, 172 L.Ed.2d 565] (2009) (internal quotation marks omitted). Contrary to Plaintiffs argument that Defendants’ personal ignorance of the procedural requirements of a name-clearing hearing should influence our decision, a defendant’s state of mind is not relevant to the objective qualified immunity inquiry.
• The fact that Defendants never gave Plaintiff the numerical values of his test results (as distinct from the conclusion that the drug test was positive) is not dispositive, because Defendants reasonably could have believed that the process that they provided was sufficient. See Levine v. City of Alameda, 525 F.3d 903, 906-07 (9th Cir.2008) (holding that an official was entitled to qualified immunity even though the plaintiffs due process rights had been violated, because the official reasonably could have believed that his conduct was lawful).
*699 • “The fundamental requirement of due process is the opportunity ” for an individual “to be heard at a meaningful time and in a meaningful manner.” Kaley v. United States, [— U.S. -,] 134 S.Ct. 1090, 1114 [188 L.Ed.2d 46] (2014) (emphasis added) (internal quotation marks omitted). Due process does not, however, require the decision-maker to reach the individual’s desired outcome in order for the process to be constitutional.
For the foregoing reasons, we hold that Defendants were entitled to qualified immunity.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.