**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS KING and TRICIA KING, husband and wife, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> TERENCE SEAN MCGEE, M.D. and KIM MCGEE, <br><br> Defendants-Appellants, <br><br> and <br><br> OHS HEALTH & SAFETY SERVICES, INC., <br><br> Defendant. | No.   17-35111 <br><br> D.C. No. 2:12-cv-00622-TOR <br><br><br> MEMORANDUM[*] |
| DENNIS KING, Husband and TRICIA KING, Wife, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> OHS HEALTH & SAFETY SERVICES, | No.   17-35149 <br><br> D.C. No. 2:12-cv-00622-TOR |

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

INC.,

Defendant-Appellant,

 and

TERENCE SEAN MCGEE, M.D. and KIM MCGEE,

Defendants.

---

DENNIS KING and TRICIA KING, husband and wife,

Plaintiffs-Appellants,

v.

GARFIELD COUNTY PUBLIC HOSPITAL DISTRICT NO. 1; et al.,

Defendants-Appellees.

No.   17-35160

D.C. No. 2:12-cv-00622-TOR

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Argued and Submitted June 6, 2018
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[**] District Judge.

1. <u>Motion for Judgment as a Matter of Law on Agency.</u> The district court erred by not granting OHS Health & Safety Services, Inc.'s (OHS) motion under Federal Rule of Civil Procedure 50. "Apparent agency occurs, and vicarious liability for the principal follows, where a principal makes objective manifestations leading a third person to believe the wrongdoer is an agent of the principal." *D.L.S. v. Maybin*, 121 P.3d 1210, 1213 (Wash. Ct. App. 2005) (citing Restatement (Second) of Agency § 267 (Am. Law Inst. 1958)). Under Washington law, after a principal makes such representations, "the plaintiff must, *as a result*, rely upon [the apparent agent's] care or skill, to her detriment." *Id.* (emphasis added). There is no evidence that Dennis King (King) relied on OHS's representations that Terence McGee (McGee) was its agent. King did not go to McGee *because of* OHS's representations that he was its agent. Rather, Garfield County Public Hospital District No. 1 (GCPH) brought McGee into the situation and directed King to submit his documentary evidence to McGee. *Cf. Wilson v. Grant*, 258 P.3d 689, 695-96 (Wash. Ct. App. 2011) (reversing summary judgment for hospital on apparent agency grounds where injured plaintiff sought treatment at the emergency

---

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

3

room).[1] We therefore reverse the district court's judgment against OHS and remand for entry of judgment as a matter of law in OHS's favor.

2. <u>Motion for Summary Judgment on Duty.</u> The district court correctly denied the Motion for Summary Judgment filed by Terence and Kim McGee (collectively "McGees"). There is no statutory duty for a Medical Review Officer under Washington law, and Dennis and Tricia King (collectively "Kings") allege none. However, the Kings do allege a common law duty. In *Affiliated FM Insurance Co. v. LTK Consulting Services, Inc.*, the Washington Supreme Court held that an engineering firm had a common law duty of care beyond its contractual obligations. 243 P.3d 521, 528 (Wash. 2010) (en banc). Particularly, it held that "the measure of reasonable care for an engineer undertaking engineering services is the degree of care, skill, and learning expected of a reasonably prudent engineer in the state of Washington acting in the same or similar circumstances." *Id.* at 529. The district court correctly concluded that McGee owed a common law duty to King.

---

[1] Because we find the district court incorrectly denied OHS's Motion for Judgment as a Matter of Law, we do not reach OHS's remaining claims on appeal.

4

3. <u>Standard of Care Jury Instruction.</u>[2] The McGees do not dispute that the jury instructions were jointly proposed. The parties jointly proposed a standard of care instruction, which the district court gave. If the McGees were aware of a deficiency in the instructions, they cannot invite the error and then object to it later on appeal. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). In the alternative, the standard of care instruction was not plain error. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011). The Kings presented evidence on how a reasonable medical review officer should act, and the district court gave an instruction that allowed the jury to apply that standard.

4. <u>Emotional Distress Claim.</u> The district court did not err by denying the Rule 50 motion regarding emotional distress. "Serious emotional distress can be diagnosed even in the absence of any physical manifestation, and can be proved with medical and psychiatric evidence." *Hegel v. McMahon*, 960 P.2d 424, 431 (Wash. 1998) (en banc). Such diagnoses can include "severe and disabling emotional or mental condition[s,] which may be generally diagnosed by professionals trained to do so." *Id.* (quoting *Sorrells v. M.Y.B. Hosp. Ventures*, 435

---

[2] It is unclear from the briefing and the record whether the McGees dispute a denial of a judgment as a matter of law or the jury instruction. Therefore, because the argument is based on the text of the jury instruction, we construe this argument as one challenging the standard of care instruction given by the district court.

S.E.2d 320, 322 (N.C. 1993)). The psychologist testified that King demonstrated problems with "mood maintenance" and "[e]xcessive apprehension" and that King's underlying health issues were "lit up or magnified under the stress of termination." Washington law allows psychologists to make "emotional" diagnoses, *see* Wash. Rev. Code § 18.83.010(1)(b) (defining the "practice of psychology" to include "[d]iagnosis and treatment of mental, emotional, and behavioral disorders, and psychological aspects of illness, injury, and disability"), and the McGees point to no Washington case law that holds otherwise.

5. <u>Front Pay Claim.</u> The district court did not err by denying the Rule 50 motion regarding front pay. First, King's testimony, that he earned "approximately $42,000 a year," was 54 years old when he was fired, and planned to retire at 65 years old, was sufficient evidence for a jury to determine a future pay award. *See Lords v. N. Auto. Corp.*, 881 P.2d 256, 266 (Wash. Ct. App. 1994) ("Once an employee produce[s] evidence from which a reasonable future employment period may be projected, the amount of front pay, including the likely duration of employment, should go to the jury."). Second, no party presented evidence regarding a discount rate or requested a jury instruction on present value. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 509 (9th Cir. 2000) (holding present value instruction should not be given where no

6

evidence was presented regarding an appropriate discount rate); *Kellerher v. Porter*, 189 P.2d 223, 236 (Wash. 1948) (holding present value instruction should only be given when requested).

6. GCPH's Motion for Summary Judgment. The district court correctly granted summary judgment to GCPH. "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or 'longstanding practice or custom,' or that the injury was caused or ratified by an individual with 'final policy-making authority.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (en banc)). GCPH "provided [King] with notice that the presence of drugs in his sample could result in termination," "[King] had an opportunity to explain the drug test result" at a meeting with GCPH and McGee, and "[King] also had ample opportunity (a period of several weeks) to submit additional documentation explaining the presence of drugs in his sample." *King v. Garfield Cty. Pub. Hosp. Dist. No. 1*, 641 F. App'x 696, 698-99 (9th Cir. 2015). There was no constitutional injury, because this was sufficient process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process

is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks omitted)).

As we find no merit in any of the McGees' arguments on appeal, we affirm the district court's judgment against the McGees. Parties shall bear their own costs.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**